# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| KATINA ROCHELLE CANDRICK, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-16-3297 |
| § | |
| MARNE BOYLE, WARDEN, § | |
| § | |
| Respondent. § | |

### ORDER OF DISMISSAL

Petitioner, a federal prisoner in custody of the Bryan Federal Prison Camp, filed this *pro se* section 2241 habeas petition challenging her sentence. Public federal court records show that, in 2010, the United States District Court for the Western District of Texas found petitioner guilty of unlawful possession of fraudulent identification with the intent to commit bank fraud, in violation of 18 U.S.C. § 1028(a)(7) (count one), and of conspiracy to unlawfully possess and use another's identification with the intent to commit bank fraud, in violation of 18 U.S.C. § 1028(f) (count two). The district court sentenced petitioner to 60 months on count one and to 120 months on count two, to be served consecutively, for an aggregate term of 180 months. *United States v. Candrick*, Case No. 6:09-CR-178-1 (W.D. Tex.).

Petitioner complains in this habeas petition that the district court erred in ordering her two sentences to be served consecutively rather than concurrently. Section 2255 is the primary means of collaterally attacking a federal sentence. *Cox v. Warden, Fed. Detention*

*Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 is used to attack the manner in which a sentence is executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A section 2241 petition which attacks errors that occur at trial or sentencing is properly construed as one brought under section 2255. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131–32 (5th Cir. 1987). Because petitioner in this proceeding is challenging the district court's order imposing consecutive sentences, her complaint is properly construed under section 2255. However, this Court is not the sentencing court, and is without jurisdiction to address petitioner's claim under section 2255. Consequently, if this lawsuit can be construed as a section 2255 proceeding, it must be dismissed for want of jurisdiction.

A habeas petition attacking a federally-imposed sentence may be considered a section 2241 proceeding if the petitioner establishes that the remedy under section 2255 is inadequate or ineffective. *Cox*, 911 F.2d at 1113. Petitioner here makes no effort to show that a remedy under section 2255 would be inadequate or ineffective. A review of public federal court records shows that petitioner unsuccessfully challenged these convictions and sentences under section 2255 in 2011 and again in 2016. *See United States v. Candrick*, Case No. 6:09-CR-178-1 (W.D. Tex.). She clearly could have raised the instant challenges to her sentences within either of those proceedings, but she did not.

Section 2241 also may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called section 2255 "savings clause." This provision applies to a claim (i) that is based on a retroactively

2

applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first section 2255 motion.  *Reyes-Requena v. United States*, 243 F.3d 893, 901, 904 (5th Cir. 2001); *see also* 28 U.S.C. § 2255(e).  Petitioner makes no effort to establish that her claim falls within the narrowly-defined parameters of the savings clause.

Regardless, the merits of petitioner's challenge to the imposition of concurrent sentences was presented to and rejected by the Fifth Circuit Court of Appeals in 2010.  In appealing her convictions to the Fifth Circuit in 2010, petitioner specifically challenged the district court's order imposing consecutive sentences.  In affirming petitioner's convictions and sentences, the Fifth Circuit held that,

> Candrick's challenge to the district court's imposition of consecutive sentences is unavailing as well. The district court had the discretion to impose consecutive sentences under 18 U.S.C. § 3584 as part of its decision to impose a non-guideline sentence in light of § 3553(a) factors, and we defer to that decision.  *See United States v. Saldana*, 427 F.3d 298, 308–09 n.41 (5th Cir. 2005); *United States v. Ronquillo*, 508 F.3d 744, 750–51 (5th Cir. 2007).

*United States v. Candrick*, Appeal No. 10-51026 (5th Cir., Aug. 4, 2011).  This Court will not consider on collateral review challenges to a federal conviction or sentence that were rejected by the Fifth Circuit Court of Appeals on direct appeal.  *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (holding that claims raised and rejected on appeal may not be raised again on collateral review); *see also United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014) (same).

For these reasons, petitioner fails to demonstrate that this Court has jurisdiction to consider her habeas claim, and her habeas petition must be dismissed.

This case is DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on December 30, 2016.

_____
Gray H. Miller
United States District Judge